Codey L. SMITH, Respondent,

v.

STATE of Missouri, Appellant.

No. SC 92127.

Supreme Court of Missouri,
En Banc.

July 3, 2012.

Daniel N. McPherson, Attorney General's Office, argued, Jefferson City, for the State.

Mark A. Grothoff, Public Defender's Office, Columbia, for Smith.

WILLIAM RAY PRICE, JR., Judge.

The state of Missouri appeals an order of post-conviction relief granting movant Codey L. Smith a new trial based on ineffective assistance of trial counsel. Smith's counsel did not call as a witness or investigate the codefendant of the crime, who would have testified at trial that Smith was not involved in the robbery. For this omission, which reasonably could have changed the outcome of Smith's trial, counsel was ineffective. The motion court's judgment is affirmed.

## I. Facts and Procedural History

On August 30, 2006, two men armed with .22–caliber guns and wearing T-shirts over their faces entered a Fisca oil station in Barton County. One of the men demanded money, prompting the clerk to open the cash drawer. One of the gunmen fired a shot, hitting a cigarette rack. The clerk gave the men approximately $700, which was all the money in the cash register. The men fled in a red dually truck. Kyle Carroll was charged with the Fisca robbery and pleaded guilty in September 2007. No other person was convicted of the crime at that time.

Israel Freeland, who was in jail awaiting trial on charges of forcible rape, forcible sodomy, class B felony theft, class C felony theft, second-degree assault, and victim tampering, told police in January 2007 that Smith confided in Freeland that he committed the robbery. According to informant Freeland, Smith said he joined with Carroll and stole a farm truck, robbed a gas station of $600 or $700, and then dumped the truck in a strip pit in Kansas. Authorities retrieved the dually truck from the described location in September 2007. Freeland was able to reach a plea agreement in exchange for the information he provided, and the victim tampering and assault charges against him were dropped. As a condition of the agreement, Freeland was required to testify against Smith at trial.

Smith was charged with first-degree robbery and armed criminal action. Despite Freeland's statement, Smith's counsel did not contact or otherwise investigate Smith's alleged codefendant Carroll before trial. At the time, Carroll was serving his 10–year sentence for the robbery.[1]

At Smith's trial in October 2008, informant Freeland testified, relaying the same story he told police in January 2007. Smith did not testify at trial. Smith's

---

1. In June 2008, shortly before Smith's trial, Kyle Carroll sent a letter to the prosecutor's office. In it, Carroll asked if he could get "a sentence reduction, if I help get another conviction on the Fisca robbery." The letter did not name a codefendant and, instead, went on to describe Carroll's lack of participation in the robbery and clean record prior to the robbery.

counsel did not call Carroll as a witness. The jury found Smith guilty of both counts. The court sentenced Smith to 16 years imprisonment for first-degree robbery and five years imprisonment for armed criminal action, with the sentences to run concurrently. The court of appeals affirmed on direct appeal.

Smith timely filed a *pro se* motion for post-conviction relief. He claimed his trial counsel was ineffective for not calling Carroll at trial, alleging Carroll would have testified that Smith did not act as Carroll's accomplice in the robbery. The motion court held an evidentiary hearing on November 2, 2010. Informant Freeland, Carroll, Smith, and Smith's counsel William Fleischaker testified at the hearing.

At the hearing, Freeland stated that he lied when he testified against Smith at trial. He denied that Smith ever confessed to any involvement in the robbery. Freeland said he had learned the details of the robbery from others. He said he wanted to correct the harm of his prior false testimony.

Carroll testified at the hearing that he was never contacted by anyone purporting to represent Smith. He also stated that, if he had been called to testify at Smith's trial, he would have testified that Smith was not with him during the robbery. However, Carroll refused to name the person who was his accomplice in the robbery. He said he would have refused to name his accomplice had he testified at Smith's trial, too. When asked about the letter he sent to the prosecution in June 2008, Carroll stated that the purpose was to seek a sentence reduction because he never before had been convicted of a crime. He denied that the purpose of the letter was to assist the prosecution in Smith's case.

Smith's trial counsel testified as to his trial strategy. Counsel said his basic strategy was to get the jury to disbelieve informant Freeland by showing that Freeland's testimony was "paid for" in that some of his charges were dropped in exchange for his testimony. Counsel said he did not call Carroll because he did not know what Carroll was going to say and Carroll had written a letter offering to assist the prosecution.

On November 10, 2010, the motion court granted Smith's motion for post-conviction relief. The court found Carroll's credible testimony would have aided Smith if he had been called as a witness. Without contacting Carroll, counsel could not formulate a reasonable trial strategy regarding the decision to call Carroll as a witness, and that failure prejudiced Smith. The court of appeals reversed and remanded with directions to enter a judgment denying all relief to Smith. Smith appeals.

## II. Standard of Review

■ Appellate review of a motion court's action on a Rule 29.15 motion shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 29.15(k). Findings and conclusions are clearly erroneous if, after reviewing the entire record, this Court is left with the "definite and firm impression that a mistake has been made." *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000).

## III. Analysis

■ A movant is entitled to post-conviction relief if he shows by a preponderance of the evidence that (1) his counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances and (2) his counsel's deficient performance prejudiced him. *Anderson v. State*, 196 S.W.3d 28, 33 (Mo. banc 2006) (citing *Strickland v.*

*Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

The movant must overcome a strong presumption that counsel's conduct was reasonable and effective to meet the first prong of the *Strickland* test. *Zink v. State,* 278 S.W.3d 170, 176 (Mo.2009). To overcome this presumption, the movant must point to "specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance." *Id.*

Counsel's strategic trial decisions only may serve as a basis for ineffective counsel if they are unreasonable. *Id.* Courts should rarely second-guess counsel's strategic choices when counsel has investigated the possible strategies. *Middleton v. State,* 103 S.W.3d 726, 736 (Mo. banc 2003). Therefore, "strategic choices made after *a thorough investigation* of the law and the facts relevant to plausible opinions are virtually unchallengeable." *Anderson,* 196 S.W.3d at 33 (quoting *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052, 80 L.Ed.2d 674) (emphasis added).

To satisfy the prejudice prong of the *Strickland* test, the movant must demonstrate that, absent the claimed errors, there is a reasonable probability that the outcome would have been different. *Id.* at 33–34. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Anderson v. State,* 196 S.W.3d 28, 33–34 (Mo.2006) (quoting *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052).

Smith alleged his trial counsel was ineffective for failing to call Carroll as a witness at trial.· Counsel testified at the evidentiary hearing that he *assumed* Carroll's testimony would be bad for Smith but that, even if it was good for the defense, the prosecution would impeach Carroll. In fact, counsel never contacted, questioned or otherwise investigated Carroll. Failing to determine what Carroll's testimony might be, and then failing to call Carroll as a witness when his testimony could have assisted the defense, is an omission by counsel that falls outside the "wide range" of competent, professional assistance.

The State argues that Counsel's choice not to call Carroll as a witness was a strategy he pursued at trial that should not be challenged. However, strategic decisions must be made "after a thorough investigation" of the facts relevant to the possible strategies. Counsel did not investigate Carroll and, therefore, could only speculate as to what Carroll would say at trial. Counsel, therefore, was unaware of the possible strategies available to the defense through either the use or nonuse of Carroll's testimony. In the unique circumstances of this case, the motion court did not err in finding counsel was unable to make a valid strategic trial decision.

The motion court found Smith was prejudiced by counsel's failure to call Carroll as a witness because Carroll would have testified at trial that Smith was not involved in the robbery. The motion court did not err in finding a reasonable probability that Carroll's credible testimony would change the outcome of Smith's trial.

## IV. Conclusion

The motion court's judgment was not clearly erroneous. Smith's counsel was ineffective for failing to investigate and call Carroll as a witness. This Court affirms the judgment of the motion court.

All concur.