Christian A. **WHITE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 97805.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 23, 2012.

Mark Dean, St. Louis, MO, for appellant.

Mary H. Moore, Assistant Attorney General, Jefferson City, MO, for respondent.

PATRICIA L. COHEN, Judge.

### Introduction

Christian White (Movant) appeals the judgment of the Circuit Court of the City of St. Louis denying his Rule 29.15 motion for post-conviction relief. Movant asserts that the motion court erred in denying, without an evidentiary hearing, his claims that trial counsel was ineffective for failing to: (1) make a record reflecting that Movant was shackled during voir dire and trial; and (2) interview and subpoena a witness. Because we hold that the record does not clearly refute Movant's claims, we reverse and remand for an evidentiary hearing on both claims.

### Factual and Procedural Background

Viewed in the light most favorable to the verdict, the evidence at trial revealed the following: Officers Ari Zelmanow and Charles Betts stopped Movant because the license plates on the vehicle he was driving were stolen. The officers ordered Movant and his passenger, Calvin Williams, to exit the car. Officer Zelmanow informed Movant that he was under arrest for receiving stolen property. The officers performed pat-down searches, placed Movant and Mr. Williams in handcuffs, and seated them on the curb.

Officer Zelmanow returned to the police car to access information about Movant while Officer Betts stood behind Movant and Mr. Williams. Officer Betts noticed that Movant appeared nervous. Concerned that the officers might have missed something in the initial pat-down searches, Officer Betts asked Movant to stand and patted down Movant. Near the back of Movant's upper thigh, Officer Betts felt "a round, small baggy-type thing, something soft in nature," which he believed was a bag of narcotics. Officer Betts continued his search, and when he moved his hand near the bag again, Movant "knocked [him] back" and "took off running."

Officer Betts caught Movant, and along with Officer Zelmanow tried to restrain him. During the struggle, the three men fell to the ground. As the officers were attempting to control Movant, he reached into the back of his pants, removed several knotted plastic bags, and dropped them on the ground. Throughout the incident, Mr. Williams remained seated on the curb in handcuffs.

The State charged Movant with drug trafficking, possession of under thirty-five grams of marijuana, receiving stolen property, resisting arrest, unlawful use of a weapon, and two counts of assault on a police officer. After a jury trial, the trial court convicted Movant of trafficking, marijuana possession, and receiving stolen property. The trial court sentenced Movant to concurrent terms of twelve years' imprisonment for the trafficking count and one year of confinement for the counts of possession of marijuana and receiving stolen property. This court affirmed Movant's conviction and sentence. *State v. White*, 331 S.W.3d 350 (Mo.App. E.D. 2011).

Movant filed a motion for post-conviction relief asserting that his counsel was ineffective for failing to: (1) make a record reflecting that Movant was shackled during voir dire and trial; and (2) interview Calvin Williams and subpoena him to testi-

fy at trial. In support of the first claim, Movant alleged that he was shackled at the ankles during voir dire and trial and that he informed his counsel that the jury could see the shackles because his pants were too short. In support of the second claim, Movant maintained that Mr. Williams would have testified that he observed the events surrounding Movant's arrest and that Movant "was never in possession of any drugs in his pants."

The motion court denied Movant's motion without evidentiary hearing on the grounds that: (1) Movant raised an "after the fact claim of visible shackling"; and (2) the fact that Mr. Williams did not observe Movant "pull drugs out [of] his pants and drop them on the ground ... would not establish that movant did not possess the drugs." With respect to the shackling claim, the motion court noted that: "This Court did not observe any shackling of movant during his trial and the Court has affidavits from staff members stating shackling did not occur." The motion court also relied on the following: "This Court makes a record in the unusual case in which shackling occurs; it does not make a record in the overwhelming majority of cases in which shackling does not occur." Movant appeals.

### Standard of Review

We review the denial of a post-conviction motion without an evidentiary hearing to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). The trial court's findings of fact and conclusions of law are presumed correct and deemed clearly erroneous only if, after reviewing the entire record, we are left with a firm impression that a mistake has been made. *Forrest v. State*, 290 S.W.3d 704, 708 (Mo. banc 2009).

### Discussion

A movant is entitled to an evidentiary hearing on a Rule 29.15 motion if: (1) the motion alleges facts, not conclusions, warranting relief; (2) the facts alleged raise matters not refuted by the files and records in the case; and (3) the matters complained of resulted in prejudice to the movant. *Dickerson v. State*, 269 S.W.3d 889, 892 (Mo. banc 2008). To ensure that claims for post-conviction relief are decided correctly, Rule 29.15 encourages evidentiary hearings. *Wilkes v. State*, 82 S.W.3d 925, 929 (Mo. banc 2002). "To justify the denial of an evidentiary hearing on an ineffective assistance of counsel claim, the record must be 'specific enough to refute conclusively the movant's allegation.'" *Lomax v. State*, 163 S.W.3d 561, 563 (Mo.App. E.D.2005) (quoting *State v. Driver*, 912 S.W.2d 52, 56 (Mo. banc 1995)).

In his first point on appeal, Movant argues the motion court clearly erred in denying him a hearing on his claim that counsel was ineffective for failing to make a record reflecting that Movant was shackled in the presence of the jury during voir dire and trial. The State counters that Movant's claim is without merit because "the motion court, which was also the trial court, found that it never saw shackles on [Movant] and that it would have made a record if shackling had occurred."

In support of his claim, Movant relies on *Dickerson v. State*, in which the movant alleged his counsel was ineffective for failing to object to his shackling at trial. 269 S.W.3d 889, 892 (Mo. banc 2008). In *Dickerson*, the Supreme Court rejected a motion court determination that because the record contained no evidence that the movant was visibly shackled at trial, the record refuted the movant's allegation of ineffective assistance of counsel and the movant was not entitled to a hearing. *Id.* The Court concluded that: "[s]ince the mere

absence of any reference to shackling on the record does not prove [the movant's] allegation that he was shackled at trial to be false, the allegation is not 'refuted by the record.'" *Id.* at 893 (quoting *State v. Brooks,* 960 S.W.2d 479, 497 (Mo. banc 1997)).

At oral argument, although not in its brief, the State argued that *Dickerson* is distinguishable because there, the movant filed a pre-trial motion to preclude the use of physical restraints at trial, where here, Movant filed no such motion. However, in *Dickerson,* the Court focused on the pre-trial motion to rebut the motion court's assertion that the movant failed to allege in his 29.15 motion that he notified counsel that he was visibly shackled. *Id.* at 892–93. In this matter, Movant included in his amended 29.15 motion an allegation that he "told his lawyer that the jury could see his shackles because his pants were too short...."

To deny Movant an evidentiary hearing, the motion court relied on its observations, its customary practices with regard to shackling and "affidavits from staff members" as the basis for its conclusion that Movant was not shackled.[1] The motion court's reliance on non-record evidence is an implicit acknowledgment of the Court's conclusion in *Dickerson* that "[a]t a minimum, a hearing is needed to determine whether shackling in fact took place, whether it was visible to the jury, and whether it was justified." *Id.* at 893. In essence, the motion court held a hearing without permitting Movant to present evidence and made factual determinations based on non-record evidence.

In *Reid v. State,* we considered the propriety of a motion court's reliance on a plea counsel's affidavit in denying a movant an evidentiary hearing and rejecting his claims. As we stated, "[t]he use of plea counsel's affidavit is particularly problematic in the absence of an evidentiary hearing." 192 S.W.3d 727, 731 (Mo.App. E.D.2006). We also concluded that the use of an affidavit constituted an implicit determination "that the record alone was insufficient to allow a ruling on Movant's claims."[2] *Id.* In this case, the motion court relied on multiple affidavits, its own observations, and its custom and practice to reach the conclusion that shackling did not occur and to consequently deny Movant an evidentiary hearing. Although we too are concerned with after-the-fact allegations of shackling, in this case, where Movant alleged in his amended motion that he advised his lawyer that his shackles were visible to the jury and the motion court used non-record evidence to "rebut" Movant's claims, a remand for an evidentiary hearing is necessary. Point granted.

■ In his second point on appeal, Movant asserts the motion court clearly erred in denying him a hearing on his claim that counsel was ineffective for failing to interview Calvin Williams and subpoena him to testify at Movant's trial. Specifically, Movant contends that: (1) counsel should have known of Mr. Williams's existence by reading the police report; (2) counsel could have located Mr. Williams because Movant provided to counsel his name and contact information; (3) Mr. Williams was willing to testify; and (4) Mr. Williams

---

1. It should be noted that the record before this court does not contain the court staff affidavits.

2. We recognize that in *Reid,* we resolved the problem of the motion court's improper reliance on an affidavit by analyzing the record without reference to the problematic affidavit rather than remanding for a hearing. However, here, the non-record evidence—multiple affidavits, the motion court's observations and its custom and practice—is simply too extensive to permit a comparable analysis.

would have testified that he witnessed Movant's arrest and Movant "was never in possession of any drugs in his pants," thus negating an element of "the possession offense."[3] The State counters that such testimony would have proved only that Mr. Williams did not see or know about the drugs, but would not have proved that Movant was not hiding the drugs in his pants.

 To obtain a hearing on a claim that counsel was ineffective for failure to call a witness, a movant must plead facts, not refuted by the record, establishing that: (1) counsel knew or should have known of the witness's existence; (2) the witness could have been located with reasonable investigation; (3) the witness would have testified; and (4) the testimony would have provided a viable defense. *Vaca v. State*, 314 S.W.3d 331, 335–36 (Mo. banc 2010). A witness's testimony provides a movant with a viable defense when it negates an element of the crime for which the movant was convicted.[4] *Whited v. State*, 196 S.W.3d 79, 82 (Mo.App. E.D. 2006). "Courts should rarely second-guess counsel's strategic choices," such as whether to call a witness to testify, if counsel made the strategic choice "after *a thorough investigation* of the law and the facts relevant to plausible opinions." *Smith v. State*, 370 S.W.3d 883, 886 (Mo. banc 2012) (emphasis in original). Thus, counsel must investigate potential witnesses before determining whether to call the witness to testify. *Id.*

In the absence of a hearing, the record does not refute Movant's claims that counsel should have known of Mr. Williams's existence, Movant presented his counsel with Mr. Williams's name and contact information, Mr. Williams was willing to testify, and Mr. Williams's testimony would have provided Movant a viable defense. At Movant's trial, Officers Zelmanow and Betts presented the only eyewitness accounts of Movant's arrest. They testified that Movant removed bags of cocaine base and marijuana from his pants and dropped them on the ground. Movant contends Mr. Williams would have testified that he observed the incident and that Movant "was never in possession of any drugs in his pants." The motion court denied an evidentiary hearing on the grounds that the fact that Mr. Williams did not observe Movant "pull drugs out [of] his pants and drop them on the ground ... would not establish that movant did not possess the drugs." Presumably, the motion court's conclusion is based upon the testimony of the police officers. However, if Mr. Williams had testified that he observed the incident and did not see Movant pull drugs out of his pants, his testimony negates an element of Movant's possession case, namely that Movant consciously and intentionally possessed marijuana. *See, e.g., Williams v. State*, 8 S.W.3d 217, 220 (Mo. App. E.D.1999). The record does not refute Movant's allegation because it contains no evidence regarding whether Movant's counsel chose not to call Mr. Williams to testify after investigating the nature of his testimony. *See Smith v. State*, 370 S.W.3d 883, 886 (Mo. banc 2012).

The State contends that Mr. Williams's testimony would not have proved that

---

3. In his point relied on, Movant refers to "the possession offense" but does not refer to the trafficking count.

4. The elements of possession of under thirty-five grams of marijuana are: (1) conscious and intentional possession of marijuana; (2) knowledge of its presence and nature; and (3) an amount of less than thirty-five grams. Mo. Rev.Stat. § 195.202; *State v. Burns*, 877 S.W.2d 111, 112 (Mo. banc 1994); *State v. Tomes*, 329 S.W.3d 400, 403 (Mo.App. E.D. 2010).

Movant did not possess drugs. In support of this argument, the State relies on *State v. Ferguson*, 20 S.W.3d 485 (Mo. banc 2000), and *State v. Phillips*, 940 S.W.2d 512 (Mo. banc 1997). More specifically, the State contends that in both *Ferguson* and *Phillips*, the movants unsuccessfully alleged that their counsels were ineffective for failing to impeach certain witnesses at trial. *Phillips* is inapposite because, unlike here, the motion court held an evidentiary hearing prior to denying the motion. 940 S.W.2d at 515. *Ferguson* is distinguishable because there, the court held that even if counsel had impeached a State witness with exhibits and prior inconsistent statements, the evidence would not have precluded the possibility that the movant committed the crime. 20 S.W.3d at 506–07. Here, the issue is whether Movant is entitled to an evidentiary hearing on his claim that counsel failed to call the only witness present at the scene and who allegedly would directly contradict the arresting police officers. Point granted.

### Conclusion

We reverse the motion court's judgment and remand for an evidentiary hearing.

LAWRENCE E. MOONEY, P.J., and KURT S. ODENWALD, J., concur.