

# In the Missouri Court of Appeals
# Eastern District

**DIVISION THREE**

| | | |
|---|---|---|
| JOHN T. HAIDUL, | ) | No. ED99319 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Charles County |
| vs. | ) | |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Nancy Schneider |
| | ) | |
| Respondent. | ) | Filed: February 11, 2014 |

## I. INTRODUCTION

John T. Haidul ("Movant") appeals the judgment of the motion court denying his Rule 29.15[1] motion for post-conviction relief after an evidentiary hearing. Movant argues the motion court erred in denying his claim that trial counsel was ineffective for failing to call David Holt ("Holt") as a witness at trial. We find that the motion court's findings of fact and conclusions of law are not clearly erroneous and affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The State charged Movant with first-degree robbery. The trial court conducted a jury trial. At trial, the State presented testimony from a Commerce Bank teller who stated that in September 2007 a man she later identified as Movant entered the bank and presented her with a note reading, "This is a robbery. I have a gun. Give me all your

---

[1] All rule references are to the Missouri Court Rules (2013).

money." The teller testified that she complied with the demand, and Movant left the bank with the cash.

Security camera footage of the robbery, which was broadcast on the evening news, was admitted into evidence and shown to the jury. Movant's babysitter testified that she recognized Movant from images on a news channel's website and called the police. The babysitter further recounted that she showed the footage to Movant's wife, who began crying and responded, "Oh, my God, that's [Movant]."

The State also presented the testimony of a City of Florissant police officer who stated that Movant was placed under arrest, confessed to committing the crime, and prepared a written statement to that effect. Movant's written confession was admitted into evidence.

Movant testified on his behalf at trial and during cross-examination claimed to be at lunch with a friend named David Holt ("Holt") at the time of the robbery. Movant acknowledged that Holt would not be testifying. The jury found Movant guilty of first-degree robbery. The trial court sentenced Movant to a term of twenty years' imprisonment. On appeal, this Court affirmed the judgment. *State v. Haidul*, 334 S.W.3d 920 (Mo. App. E.D. 2011).

Movant filed a motion for post-conviction relief, asserting that his counsel was ineffective for failing to call Holt as a witness at trial. More specifically, Movant claimed that counsel's failure to call Holt was not reasonable trial strategy because Holt's testimony would have provided Movant with a defense by corroborating his alibi for the time and date of the charged offense.

The motion court held an evidentiary hearing. Movant's trial counsel testified at the hearing as follows:

Q: [D]id [Movant] talk to you about a witness named David Holt?
A: He talked to me about – he talked to me about a person, a friend of his that he was supposedly having lunch with on the day of the robbery.
Q: So you say supposedly having lunch with at that time, did you have any reason to doubt that what he was saying was not correct?
A: [H]e told me, and I reviewed my notes also, that [Holt] wasn't certain what day he did have lunch with him. So, he said there was uncertainty about it.
. . .
Q And did [Movant] ask you to contact [Holt]?
A: He didn't have contact information for him. . . . I didn't even know his last name was Holt.

Counsel further explained on cross-examination that she did not call Holt as a witness because "[Holt was] uncertain, according to [Movant], [so he] would really have not been a good witness to present."

Holt also testified at the evidentiary hearing. Holt explained that Movant called him from the Clayton jail to ask if he remembered going to lunch with Movant on the Monday of the robbery. Holt testified as follows about their phone conversation:

[Holt]: I said, John, we really shouldn't be talking about this. You are being taped. And he insisted. I said, John, if you want me to tell you what I remembered, I invited you to lunch on Monday, you said you were doing something and we went to lunch the next day.
Q: How did he respond?
[Holt]: He insisted I need to keep thinking about it.

The motion court denied the motion. In its judgment, the court explained that even if Holt's testimony had been presented at trial, it "would not have changed the result of the trial . . . [but] would have . . . given the State more evidence that Movant had no alibi for the time of the [r]obbery." Movant appeals.

3

## III. STANDARD OF REVIEW

We review the denial of a motion for post-conviction relief to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). The motion court's findings of fact and conclusions of law are presumed correct and deemed clearly erroneous only if, after reviewing the entire record, we are left with a firm impression that a mistake has been made. *Forrest v. State*, 290 S.W.3d 704, 708 (Mo. banc 2009).

## IV. DISCUSSION

In his sole point on appeal Movant contends that the motion court erred in denying his claim that trial counsel was ineffective for failing to call Holt as a witness at trial. Specifically, Movant argues that trial counsel's failure to call Holt was not reasonable trial strategy because Holt's testimony would have provided Movant with a defense by corroborating his alibi at the time of the robbery. We disagree.

To succeed in a post-conviction claim for ineffective assistance of counsel, a movant must demonstrate by a preponderance of the evidence that: (1) counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances; and (2) counsel's deficient performance prejudiced him. *Smith v. State*, 370 S.W.3d 883, 885 (Mo. banc 2012); *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the first prong of the test, a movant "must overcome a strong presumption that counsel's conduct was reasonable and effective" by pointing to "specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance." *Smith*, 370 S.W.3d at 886 (quotation omitted). To satisfy the prejudice prong, a movant must show that "absent the

4

claimed errors, there is a reasonable probability that the outcome would have been different." *Smith*, 370 S.W.3d at 886.

"To prevail on a claim of ineffective assistance of counsel for failure to call a witness, a defendant must show that: (1) trial counsel knew or should have known of the existence of the witness; (2) the witness could be located through reasonable investigation; (3) the witness would testify; and (4) the witness's testimony would have produced a viable defense." *Williams v. State*, 168 S.W.3d 433, 441 (Mo. banc 2005). Counsel's decision to not call a witness is presumptively a matter of trial strategy and will not support a claim of ineffective assistance of counsel unless the defendant clearly establishes otherwise. *Id.* A decision not to call witnesses to testify, as a matter of trial strategy, is virtually unchallengeable. *Leisure v. State*, 828 S.W.2d 872, 875 (Mo. banc 1992).

At the post-conviction hearing, both trial counsel and Holt testified. Trial counsel explained that she did not consider Holt a good witness because Movant informed her that Holt was uncertain about whether he had lunch with Movant on the day of the robbery. In addition, Holt testified that he asked Movant to lunch on the Monday of the robbery, but Movant told him that he was doing something. Holt stated that he and Movant went to lunch on the following day.

Here, Movant does not establish ineffective assistance of counsel for failure to call a witness because he does not show that the "witness's testimony would have produced a viable defense." *Williams*, 168 S.W.3d at 441. We find that Movant fails to meet this required element as Holt's testimony at the evidentiary hearing does not

corroborate Movant's alibi. Instead, Holt's testimony that Movant declined his lunch invitation undermines Movant's alibi and his defense.

We also find that Movant does not establish that his trial counsel employed unreasonable trial strategy. Counsel testified that she did not consider Holt a good witness because of the uncertainty surrounding his potential testimony. Counsel also indicated that Movant did not tell her Holt's last name or ask her to contact him. In light of counsel's explanation and the strong presumption that a decision to not call a witness is a matter of trial strategy, we do not find that Movant has shown that his counsel's performance was deficient under the first prong of *Strickland v. Washington*.

Moreover, Movant does not show that counsel's failure to call Holt prejudiced his defense, as is required under the second prong of *Strickland*. Holt's testimony at the evidentiary hearing would not have supported Movant's alibi, but would have been detrimental to his defense. Additionally, we note that the State's case against Movant was strong. The State presented overwhelming evidence of Movant's guilt: the jury saw security camera footage of the robbery, heard from eyewitnesses, and learned Movant had confessed to the crime. As such, we find that Movant did not suffer any prejudice and the result of the proceeding would not have been different had Holt testified. Point I is denied.

## V. CONCLUSION

The judgment of the motion court is affirmed.

_____
Angela Quigless, Judge

Mary K. Hoff, P.J., and
Kurt S. Odenwald, J., Concurs.