

# SUPREME COURT OF MISSOURI
## en banc

LOUIS EDWARD MALLOW, )
)
Appellant, )
)
vs. ) No. SC93878
)
STATE OF MISSOURI, )
)
Respondent. )
)

APPEAL FROM CIRCUIT COURT OF PHELPS COUNTY
Honorable Mary W. Sheffield, Judge

### Opinion issued August 19, 2014

Louis Mallow (hereinafter, "Movant") appealed from the trial court's judgment entered after a jury found him guilty of one count of child molestation, section 566.067, RSMo 2000.[1] The trial court sentenced Movant to a term of fourteen years' imprisonment. The Southern District affirmed his direct appeal in an unpublished opinion. *State v. Mallow*, SD27859. After an evidentiary hearing, the motion court overruled Movant's motion for post-conviction relief pursuant to Rule 29.15. Movant now appeals from the motion court's judgment, raising two points on appeal. The judgment denying post-conviction relief is affirmed.

---

[1] All further statutory references herein are to RSMo 2000.

## Facts and Procedural History

Viewed in the light most favorable to the verdict, the evidence presented was: C.B.K. (hereinafter, "Victim") was born in 1992. Victim suffers from Turner's disease, which affects her learning ability, causes problems with her speech, sight and hearing, and prevents her from having children. Victim functions three to four years behind her peers. Victim lives with her mother.

Movant and his two children lived across the street from Victim. Victim and Movant's children played together and had occasional sleepovers at both houses.

In July 2004, a hotline report was made, claiming Movant sexually abused Victim. Victim was interviewed at a child advocacy center in July and November 2004. Movant was informed of Victim's allegations and interviewed. Movant stated he had not known Victim to lie, but he denied any sexual contact with her. Movant was then arrested. He again denied Victim's allegations but stated he was willing to accept the penalty. Based upon the information obtained from these interviews, Movant was charged with two counts of first-degree child molestation, section 566.067, and one count of first-degree sodomy, section 566.062.

Movant was tried by a jury. Victim's trial testimony clearly indicated there was sexual contact with Movant, but her testimony varied from her previous interviews. At trial, Victim testified regarding several incidents with Movant. First, Victim stated that Movant touched her "private parts" while she was wearing clothes. Victim indicated the location where Movant touched her, referring to the area as her "girl part" and "vagina." Victim testified Movant touched her there only one time. Victim also testified that she

did not know whether Movant touched her anywhere else. Victim stated she knew that Movant's private part was hard, but she did not know how she knew. Victim stated she did not touch Movant.

Next, Victim testified that Movant "tried to make me do the Coyote Ugly dance" with her clothes on. Victim described this as "stripper dancing." Victim also testified that Movant wanted her to sleep with him. Victim described this as "two persons in a bed." Victim stated she did not do the dance or sleep with Movant.

Finally, Victim testified Movant tried to make her get into the bathtub with him while he was wearing only underwear. Victim could not remember if she did this or not.

During the jury instruction conference, Movant's trial counsel indicated he had some question whether the definition of "sexual contact" was included in one of the instructions, but that he would defer to the State's reliance on the "Notes on Use." Movant's trial counsel did not object to the instructions. The jury was instructed accordingly. The verdict directing instructions for the child molestation counts were instructions 5 and 6 (hereinafter, collectively, "the molestation verdict directors"). Instruction No. 5 stated:

> As to Count One, if you find and believe from the evidence beyond a reasonable doubt:

> First, that between February 1, 2003 and July 17, 2004, in the County of Phelps, State of Missouri, [Movant] touched the genitals of [Victim], and

> Second, that he did so for the purpose of arousing or gratifying his own sexual desire, and

3

Third, that [Victim] was then less than fourteen years old, then you will find [Movant] guilty under Count One of child molestation in the first degree.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find [Movant] not guilty of that offense.

Instruction No. 6 stated:

As to Count Two, if you find and believe from the evidence beyond a reasonable doubt:

First, that between February 1, 2003 and July 17, 2004, in the County of Phelps, State of Missouri, [Movant] touched the genitals of [Victim], and

Second, that he did so for the purpose of arousing or gratifying his own sexual desire, and

Third, that [Victim] was then less than fourteen years old, and

Fourth, that the incident complained of in Count Two occurred at a different time than the incident complained of in Count One, then you will find [Movant] guilty under Count Two of child molestation in the first degree.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find [Movant] not guilty of that offense.

Instruction No. 8 stated, *inter alia*, that Movant was "charged with a separate offense in each of the three counts submitted to you. Each count must be considered separately."

During the state's closing argument, it urged the jury to find Movant guilty if it believed Victim was a victim. The state explained that if the jury thought Movant touched Victim's genitals twice, it could convict him of both child molestation charges. The state acknowledged that at trial Victim testified Movant only touched her

4

inappropriately once, but that her pretrial interviews were inconsistent with her trial testimony because in the interviews she stated Movant touched her eleven times.

In response, Movant's trial counsel noted the multiple inconsistencies of Victim's statements regarding events that occurred. Movant's trial counsel argued that Victim could not remember two instances of the alleged inappropriate sexual contact occurring and was not even positive Movant touched her genitals. Movant's trial counsel pointed out multiple inconsistencies in Victim's trial testimony. Further, Movant's trial counsel suggested that the pretrial interviewers, who elicited so many instances of alleged abuse, were leading Victim in their interviews.

The jury returned its verdict, finding Movant guilty of one count of child molestation but acquitting him of the other count of child molestation and the statutory sodomy charge. The trial court sentenced Movant to fourteen years' imprisonment.

Movant appealed, claiming Victim's trial testimony was so contradictory that there was insufficient evidence to convict him. The Southern District affirmed Movant's conviction on appeal.

Movant then timely filed a *pro se* motion for post-conviction relief. Movant's motion set forth ten allegations of error, including that the molestation verdict directors "were unconstitutionally vague so that they subjected [Movant] to double jeopardy and resulted in Movant being convicted without now being able to determine which of the two sexual touching incidents testified about by [Victim] was the crime that the jury found Movant guilty of committing and which of the two sexual touching incidents the

5

jury acquitted [Movant] of committing."[2]  Movant's appointed post-conviction counsel filed an amended post-conviction motion and incorporated this particular claim by reference by attaching Movant's *pro se* motion to the amended motion.

The motion court held an evidentiary hearing on Movant's allegations.  At the evidentiary hearing, Movant's appellate counsel testified he did not recall noticing anything wrong with the molestation verdict directors.  Had he noticed something, he stated, he would have made a note of it.  Movant's appellate counsel also stated that the only reason for not raising an objection to an instruction would have been "if [he] didn't think it had any merit."  Movant's appellate counsel testified that he looked for errors raised in the motion for new trial and for any unpreserved errors.

Movant's trial counsel also testified at the evidentiary hearing.  He stated that the errors he identified were included in the motion for new trial.  However, Movant's trial counsel was not asked any questions regarding the molestation verdict directors.

Following the evidentiary hearing, the motion court issued its judgment, denying Movant post-conviction relief.  The motion court found, *inter alia*, neither Movant's trial counsel nor his appellate counsel were ineffective for failing to raise an issue regarding the molestation verdict directors.  Movant appeals.  This Court granted transfer after opinion by the court of appeals and, therefore, has jurisdiction under article V, section 10, of the Missouri Constitution.

---

[2] There is no allegation that the jury did not agree on an incident of molestation to convict Movant, merely that there is no clear indication as to which count they agreed upon.

6

## Standard of Review

This Court will affirm the motion court's judgment unless its findings and conclusions are clearly erroneous. Rule 29.15(k); *Johnson v. State*, 333 S.W.3d 459, 463 (Mo. banc 2011). The motion court's judgment is clearly erroneous only if this Court is left with a definite and firm impression that a mistake has been made. *Forrest v. State*, 290 S.W.3d 704, 708 (Mo. banc 2009) (quoting *Goodwin v. State*, 191 S.W.3d 20, 26 (Mo. banc 2006)). The motion court's findings are presumed correct. *McLaughlin v. State*, 378 S.W. 3d 328, 336-37 (Mo. banc 2012). Additionally, a movant bears the burden of proving the asserted "claims for relief by a preponderance of the evidence." Rule 29.15(f).

To be entitled to post-conviction relief for ineffective assistance of counsel, a movant must show by a preponderance of the evidence that his or her trial counsel failed to meet the *Strickland* test in order to prove his or her claims. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*, a movant must demonstrate that: (1) his or her counsel failed to exercise the level of skill and diligence that a reasonably competent counsel would in a similar situation, and (2) he or she was prejudiced by that failure. *Id.* at 687, 104 S. Ct. 2052.

A movant must overcome the strong presumption that counsel's conduct was reasonable and effective. *Smith v. State*, 370 S.W. 3d 883, 886 (Mo. banc 2012). To overcome this presumption, a movant must identify "specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance." *Zink v. State*, 278 S.W. 3d 170, 176 (Mo. banc 2009). Trial

strategy decisions may be a basis for ineffective counsel only if that decision was unreasonable. *Id.* "[S]trategic choices made after a thorough investigation of the law and the facts relevant to plausible opinions are virtually unchallengeable ...." *Anderson v. State*, 196 S.W.3d 28, 33 (Mo. banc 2006); *see also Smith*, 370 S.W.3d at 886.

To establish relief under *Strickland*, a movant must prove prejudice. Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Deck v. State*, 68 S.W.3d 418, 429 (Mo. banc 2002) (*citing Strickland*, 466 U.S. at 694, 104 S. Ct. 2052).

**Analysis**

Movant raises two points on appeal, claiming his trial counsel and appellate counsel both were ineffective for failing to challenge the molestation verdict directors. In each point, Movant claims the molestation verdict directors were unconstitutionally vague in that they did not require a unanimous verdict and subjected him to double jeopardy.

*Unanimous Verdict*

Criminal defendants in Missouri have the right to a unanimous jury verdict. Mo. Const. art. I, sec. 22(a). In cases in which the prosecution presents evidence of multiple unlawful acts—"multiple acts" cases—, article I, section 22(a) requires that verdict-directing instructions be definite enough that the jury is required to agree unanimously on which alleged unlawful act or acts occurred. *State v. Celis-Garcia*, 344 S.W.3d 150, 154-59 (Mo. banc 2011).

8

In his brief to this Court, Movant asserts he received ineffective assistance from his trial and appellate counsel for failing to challenge the unanimity of the jury verdict using the rationale later applied in *Celis-Garcia*. Movant claims the molestation verdict directors were flawed because they did not identify adequately which of the alleged incidents were being considered by each count. Accordingly, Movant believes it was impossible to know whether the jury agreed unanimously as to the incident of molestation for which it found him guilty. However, this specific claim regarding the unanimity of the jury verdict is not preserved for appeal and is waived.

In a post-conviction proceeding, all grounds for relief not listed in a Rule 29.15 motion are waived. Rule 29.15(d); *see also Johnson*, 333 S.W.3d at 471, *Barton v. State*, ___ S.W.3d ___, No. SC93371, 2014 WL 1910243, at *11 (Mo. banc May 13, 2014). Claims that are not presented to the motion court cannot be raised for the first time on appeal. *Goodwin v. State*, 313 S.W. 3d 161, 162 (Mo. App. S.D. 2010). "Pleading defects cannot be remedied by the presentation of evidence and refinement of a claim on appeal." *McLaughlin*, 378 S.W.2d at 340 (quoting *Johnson*, 333 S.W.3d at 471). "The purpose of the timeliness rule is to allow the trial court the opportunity to correct errors and avoid prejudice in the first instance." *State v. Kenley*, 952 S.W. 2d 250, 260 (Mo. banc 1997). Further, there is no plain error review in an appeal from a post-conviction judgment for a claim that was not presented in the post-conviction motion. *McLaughlin*, 378 S.W.2d at 340; *Hoskins v. State*, 329 S.W.3d 695, 696-97 (Mo. banc 2010) (applying Rule 24.035, but noting Rule 29.15 has parallel provisions applicable to challenging the lawfulness of conviction and sentencing following trial). Since Movant failed to provide

the motion court the opportunity to review this alleged error, this claim is not preserved for appellate review and it is waived. *Gill v. State*, 300 S.W.3d 225, 234 (Mo. banc 2009); *State v. Clay*, 975 S.W.2d 121, 141 (Mo. banc 1998); *Cloyd v. State*, 302 S.W.3d 804, 807 (Mo. App. W.D. 2010); *Burns v. State*, 426 S.W. 3d 40, 42 n.2 (Mo. App. S.D. 2014).

*Double Jeopardy*

Movant also claims the molestation verdict directors violated his right to be free from double jeopardy. Movant stated in his *pro se* motion for post-conviction relief that due to the vagueness of the molestation verdict directors it is impossible to know of which incident of molestation the jury convicted Movant and of which incident of molestation the jury acquitted Movant. Since neither his trial counsel nor his appellate counsel raised this issue, Movant asserts they were ineffective.

Under *Strickland*, Movant must prove that trial counsel's failure to object did not conform to the degree of skill, care, and diligence of a reasonably competent attorney in a similar situation and that he was prejudiced. *Strickland*, 466 U.S. at 687. Further, Movant must overcome the presumption that the challenged action was a sound trial strategy, adequate assistance was rendered, and all significant decisions were the result of reasonable professional judgment. *Id.* at 689-90.

"To prevail on a claim of ineffective assistance of appellate counsel, the movant must establish that counsel failed to raise a claim of error that was so obvious that a competent and effective lawyer would have recognized and asserted it." *Williams v. State*, 168 S.W.3d 433, 444 (Mo. banc 2005). Movant must demonstrate that had

10

appellate counsel raised the allegation of error, there is a reasonable probability that the outcome of the appeal would have been different. *Taylor v. State*, 262 S.W.3d 231, 253 (Mo. banc 2008) (*citing Smith v. Robbins*, 528 U.S. 259, 285, 120 S. Ct. 746, 764, 145 L. Ed.2d 756 (2000)).[3]

The Missouri and United States Constitutions both provide a defendant protection against double jeopardy. *State ex rel. Kemper v. Vincent*, 191 S.W.3d 45, 50 (Mo. banc 2006). The double jeopardy clause of the Missouri Constitution prevents retrial only after an acquittal. Mo. Const. art. I, sec. 19; *State v. Tolliver*, 839 S.W.2d 296, 289-99 (Mo. banc 1992). The double jeopardy clause of the Fifth Amendment to the United States Constitution, made applicable to the States through the Fourteenth Amendment, prohibits multiple punishments for the same offense. "The double jeopardy clause protects a defendant both from successive prosecution for the same offense and from multiple punishments for the same offense." *State v. Roggenbuck*, 387 S.W.3d 376, 381

---

[3] To the extent authorities such as *Moss v. State,* 10 S.W.3d 508, 514 (Mo. banc 2000), *Hutchison v. State,* 150 S.W3d 292, 303 (Mo. banc 2004), *Bolden v. State,* 413 S.W.3d 658, 661 (Mo. App. W.D. 2013), and other similar cases set forth the proper standard of review and then go on to state that proof of ineffective assistance of appellate counsel requires proof that a conviction *would have been* reversed if a particular claim had been raised on appeal or that *manifest injustice or a miscarriage of justice* or a similar standard must be met to show prejudice on a claim of ineffective assistance of appellate counsel, they are inconsistent with the standard set out in *Robbins* and should no longer be followed. *See Robbins,* 528 U.S. at 285, 120 S. Ct. at 764 (stating that a movant "must first show that his counsel was objectively unreasonable in failing to find arguable issues to appeal—that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them. If [the movant] succeeds in such a showing, he [or she] then has the burden of demonstrating prejudice. That is, he [or she] must show a reasonable probability that, but for his [or her] counsel's unreasonable failure to file a merits brief, he [or she] would have prevailed on his appeal.") (internal citation omitted).

(Mo. banc 2012); *see also State v. Miller*, 372 S.W.3d 455, 476 n.6 (Mo. banc 2012), and *State v. Liberty*, 370 S.W.3d 537, 546 (Mo. banc 2012).

In his *pro se* motion, Movant states that because it is impossible to know which act of molestation the jury acquitted him of, his case needs to be reversed and dismissed with prejudice. Yet, on appeal, Movant fails to develop an argument that could explain exactly how he believes the molestation verdict directors subjected him to double jeopardy.[4] Movant does not develop his argument beyond remarking that courts have indicated there could be double jeopardy concerns when there are identical verdict directors and a defendant is acquitted and citing *State v. Mitchell*, 704 S.W.2d 280 (Mo. App. S.D. 1986).[5] At oral argument, Movant's counsel stated that Movant's right to be free from double jeopardy would be implicated if this case would be reversed and remanded.

---

[4] When an appellant fails to develop an argument in the argument portion of the brief, that portion of the point relied on may be considered to be abandoned. *State v. Nunley*, 341 S.W. 3d 611, 623 (Mo. banc 2011); Rule 84.04 (d).

[5] Multiple courts have distinguished *Mitchell* in that the defendant in *Mitchell* was charged with two separate incidents that occurred on the same day in different locations and the defendant presented defenses unique to each charge. *Mitchell*, 704 S.W. 2d at 281–82. The defendant in *Mitchell* also objected to the instructions before they were provided to the jury. *Id.* at 286. In comparison, in the sexual abuse cases distinguishing *Mitchell* and in the instant case, the evidence indicated a continuing series of acts, the defendant's defense was not dependent upon the differentiation between the counts, and the trial court instructed the jury to consider each count separately. *See Kuehne v. State*, 107 S.W.3d 285 (Mo. App. W.D. 2003), *State v. Johnson,* 62 S.W.3d 61 (Mo. App. W.D. 2001), *State v. Cody*, 801 S.W.2d 430, 433 (Mo. App. E.D. 1990), *State v. Rudd,* 759 S.W.2d 625 (Mo. App. S.D. 1988); *State v. Burch,* 740 S.W.2d 293 (Mo. App. E.D. 1987). While these cases have distinguished *Mitchell*, they are no longer good law in light of this Court's holding in *Celis-Garcia.*

There was no argument that Movant was subjected to multiple punishments for the same offense at his trial. Further, there was no assertion or fact presented that would lead this Court to believe that Movant will be subject to another trial based upon these same facts. Even assuming there were a retrial and Movant could be exposed to double jeopardy, this is not the appropriate time or venue to assert this claim. A "future court may look to the record to determine whether a defendant has been charged with an offense for which he was previously placed in jeopardy." *State v. LeSieur*, 361 S.W.3d 458, 465 (Mo. App. W.D. 2012). If Movant were charged with additional counts of sexual contact with Victim at some possible future date, Movant could assert his right to be free from double jeopardy at that time. The future court could conduct an examination of the record in this case, which would demonstrate clearly the acts of sexual contact for which Movant was tried. Movant may not be retried on some possible future date on these same acts.

## Conclusion

Movant failed to prove the motion court clearly erred in denying him post-conviction relief. The judgment is affirmed.

_____
GEORGE W. DRAPER III, JUDGE

All concur.