

# Missouri Court of Appeals

## Southern District

### Division One

RANDALL S. LUDEMANN, )
)
      Movant-Appellant, )
)
    v. ) No. SD36237
)
STATE OF MISSOURI, ) **Filed: May 14, 2020**
)
      Respondent-Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF ST. CLAIR COUNTY

Honorable James K. Journey, Circuit Judge

### **AFFIRMED**

After a jury found Randall S. Ludemann ("Movant") guilty of possessing a derringer unlawfully (because he was a felon) and we affirmed the trial court's judgment on direct appeal, Movant, acting *pro se*, filed a motion for post-conviction relief under Rule 29.15.[1] Movant raises two points in this appeal claiming ineffective assistance of (1) trial counsel in failing to object to the admission of evidence of a traffic violation by

---

[1] In light of the fact Movant filed his *pro se* motion for post-conviction relief in March 2013, all references to Rule 29.15 are to Missouri Court Rules (2013), unless specified otherwise. Rule 29.15(m), Missouri Court Rules (2020). Appointed counsel subsequently filed an amended motion. This Court has independently verified the timeliness of Movant's post-conviction motions. *See Moore v. State*, 458 S.W.3d 822, 825-26 (Mo. banc 2015); and *Dorris v. State*, 360 S.W.3d 260, 268 (Mo. banc 2012). The motion court denied Movant's amended motion following an evidentiary hearing, and Movant appeals the motion court's ruling on two of the four claims alleged in his amended motion.

1

Movant, and (2) appellate counsel in failing to raise on direct appeal trial objections to the admission of ammunition unrelated to the derringer. We reject Movant's points, and affirm the motion court's judgment.

## Standard of Review

We review a motion court's overruling of a motion for post-conviction relief to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). *Hoeber v. State*, 488 S.W.3d 648, 653 (Mo. banc 2016). "A motion court's findings and conclusions are 'clearly erroneous only if this Court is left with a definite and firm impression that a mistake has been made.'" *Id.* (quoting *Mallow v. State*, 439 S.W.3d 764, 768 (Mo. banc 2014)). "If a movant fails to satisfy either prong of the *Strickland* test,[2] he or she is not entitled to post-conviction relief." *Id.* at 655. There is "a presumption that counsel's alleged omissions were sound trial strategy." *Id.* at 659 (quoting *Storey v. State*, 175 S.W.3d 116, 125 (Mo. banc 2005)).

In addition, as to a claim of ineffective assistance of appellate counsel, the movant must establish that counsel failed to raise a claim of error that was so obvious that a competent and effective lawyer would have recognized and asserted it. *Tisius v. State*, 519 S.W.3d 413, 431 (Mo. banc 2017). "'There is no duty to raise every possible issue asserted in the motion for new trial on appeal, and no duty to present non-frivolous issues where appellate counsel strategically decides to winnow out arguments in favor of other arguments.'" *Id.* at 431-32 (quoting *Storey v. State*, 175 S.W.3d at 148). Further, Movant must be prejudiced by the claimed ineffective assistance of counsel. *Id.* at 420, 424.

---

[2] *Strickland v. Washington*, 466 U.S. 668, 687 (1984), sets forth the requirements that trial counsel must (1) fail to exercise the level of skill and diligence that reasonable, competent counsel would exercise and (2) that Movant must be prejudiced by that failure.

2

This Court presumes that the motion court's findings and conclusions are correct. *Sanders-Ford v. State*, No. SD36169, 2020 WL 1698364, at *2 (Mo.App. S.D. Apr. 8, 2020). It is unnecessary to address both prongs of the *Strickland* test. *Id.* If Movant fails to meet his burden of proof on one prong, that course should be followed. *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

## Facts

### *Charge and Evidence at Trial*

Movant was charged in an amended information with "knowingly" possessing "a firearm" on March 19, 2009, in St. Clair County, after being convicted of a felony. The jury verdict director identified the firearm as a derringer. Viewed in the light most favorable to the jury's verdict finding Movant guilty,[3] the evidence at trial, in July 2011, included the following.[4]

In 2009, Movant resided in a house that he rented from John Wedgeworth. Wedgeworth resided about 150 to 200 yards from Movant's house. On March 19, 2009, authorities executed a search warrant at the house. No one was home, so the officers forced entry into the home.

One of the items the officers observed was a locked gun safe. While the officers were searching the house, Wedgeworth arrived. Wedgeworth told officer Lee Hilty that

---

[3] Unless an issue raised in the post-conviction proceeding requires the trial evidence to be viewed through a different lens (e.g., in reviewing an issue involving the trial court's failure to instruct the jury on self-defense), the trial evidence is viewed in the light most favorable to the jury's verdict. *Fisher v. State*, 359 S.W.3d 113, 115 n.1, 117 (Mo.App. W.D. 2011); *Hays v. State*, 484 S.W.3d 121, 125 n.1 (Mo.App. W.D. 2015); and *Mallow v. State*, 439 S.W.3d at 766. In resolving this appeal, we view the evidence at trial and at the evidentiary hearing on Movant's motion for post-conviction relief, *Hardy v. State*, 387 S.W.3d 394, 399 (Mo.App. S.D.2012), in the light most favorable to the outcome of those proceedings, but we include other evidence in our opinion to give context to Movant's points raised in this appeal.

[4] We quote from the decision of this Court on Movant's direct appeal without further attribution. *State v. Ludemann*, 386 S.W.3d 882, 883-84 & nn.2, 4, 5 (Mo.App. S.D. 2012).

Defendant kept the combination to the safe in the house on a wall on "a small slip of paper." Wedgeworth thought the paper with the combination might be located "behind the door," but the officers could not locate it. Wedgeworth said, "I know it was here 'cause we just used it recently." Wedgeworth recanted at trial "maintaining that he had 'messed up' and 'was mistaken' in thinking that [Movant] might have kept a copy of the combination at the house." Wedgeworth, saying he also had the combination at his house, retrieved it and provided it to the officers. When the police opened the safe, they found what purported to be a "3–dollar bill" and a derringer pistol with six rounds of ammunition. The derringer and ammunition were in an unlocked box that had been specially made to hold the gun. There was writing on the top of the box that said, "Carolyn. Happy 5th Anniversary. Love John." Other items officers located inside the house included pieces of mail addressed to Movant, a recent traffic ticket issued to Movant, items of men's clothing, and photographs of Movant. The kitchen had food in it, and there were dishes in the sink.

After the search of the house was completed, Officer Hilty interviewed Wedgeworth inside Wedgeworth's home. The officer observed that Wedgeworth's residence was "very dirty[,]" with "a layer of [pet] hair and dirt on everything[,]" including the table and chairs on which Wedgeworth and the officer sat. In contrast, the only dirt-free portion of the room was a wall lined with long guns, and there were boxes with handguns in them. The guns were pristinely clean, with no dirt or dust on them, while everything else in that room did. Wedgeworth first told Officer Hilty that he got the firearms from the gun safe in Movant's house "a couple months ago." He subsequently said that he "got [th]em out of there a month ago." It did not appear to

4

Officer Hilty that the firearms had been in Wedgeworth's home for even one month because of their clean condition. Wedgeworth told Officer Hilty that he did not have any firearms inside the house.

At trial, Wedgeworth testified that he had not been in Movant's house for "[p]robably a year or better" before the officers searched it. He told the jurors that he did not go to the house too much because of the combination of its steps and the fact that he had a bad foot. Wedgeworth said he was not involved in retrieving the guns that lined the wall of his home. According to Wedgeworth, a neighbor took the guns out of the house, put them in Wedgeworth's pickup truck, and Movant then drove them to Wedgeworth's home, where the neighbor unloaded the guns and put them along the wall.

The evidence at trial also included the following. On direct examination and without objection by defense counsel, Sheriff Ronald E. Snodgrass told the jury:

> Q        . . . [H]ow did you -- how do you come to know [Movant]?
>
> A        Well, I had run across him several different times, ah, through course of business, ah, during patrol. Ah, then, leading up to the reason he's in Court, ah, I had stopped him for driving while suspended or revoked. Ah, --
>
> Q        Did you issue him a ticket for that?
>
> A        Yes, I wrote him a ticket and took him to jail.
>
> Q        Do you know approximately the time frame for that?
>
> A        I believe it was March 5th of '09.

The March 5, 2009 ticket was located in the house in the course of the search on March 19, 2009.

*Verdict and Sentencing*

The jury found Movant guilty of possessing the derringer unlawfully because he was a felon. Subsequently, on October 3, 2011, the trial court sentenced Movant to imprisonment for six years, suspended execution of that sentence, and placed Movant on supervised probation for five years.[5]

**Analysis**

*Point I – Motion Court's Conclusion that Trial Counsel Was Not Ineffective Was Not Clearly Erroneous*

In Movant's first point, Movant asserts that the "motion court clearly erred in denying" Movant's claim in his amended motion for post-conviction relief that trial counsel was constitutionally ineffective in that he "failed to act as a reasonably competent attorney . . . by failing to object to the prosecutor's questions and Sheriff Snodgrass' corresponding testimony about arresting [Movant] for driving while revoked" – an uncharged bad act.

With respect to trial counsel's alleged ineffectiveness in failing to object to evidence of Movant's traffic offense, the motion court concluded in part:

> Ultimately, it is likely that if Movant's trial counsel had objected to this evidence, the objection would have been overruled as the evidence was admissible both under the *res gestae* exception and to establish that Movant occupied the house where the underlying weapon was found. Given those applicable exceptions to the general rule, competent trial counsel might reasonably choose not to object to such testimony. Keeping in mind the presumption of competence and the deference owed to counsel's judgment, the Court cannot find that trial counsel was ineffective for not objecting to evidence that was likely admissible under established Missouri law. As a result, Movant's . . . claim fails.

We agree with the motion court. Movant's assertion overlooks the fact that, at trial, Movant strongly challenged his knowledge that the derringer was in the gun safe at the

---

[5] By the time of the evidentiary hearing on Movant's amended motion for post-conviction relief in September 2018, Movant successfully had completed, and been released from, probation.

house, and his control over the gun safe and its contents.  Movant testified, and emphasized and introduced other evidence, that indicated (1) he was not at the house at the time of the search on March 19, 2009, and had not been at the house for several days before the search, (2) he thought all the firearms in the gun safe had been transferred to their owner more than a month before the search, (3) other people lived in the house at different times, (4) he lived at places other than the house at different times, and (5) he never had a combination to the gun safe.  In these circumstances, the recovery from the house during the search of a ticket issued by Sheriff Snodgrass to Movant on March 5, 2009, was relevant to show Movant's recent presence in the home and Movant's intention to return to the home.  In order to weigh the probative value of the ticket's presence in the house at the time of the search, the jury also was entitled to know how the ticket arose and when.

The motion court's conclusions that the evidence of the ticket most likely was admissible on these grounds, and that trial counsel was not ineffective for not objecting to the evidence were not clearly erroneous.  Movant's first point is denied.

*Point II – Motion Court's Conclusion that Appellate Counsel Was Not Ineffective Was Not Clearly Erroneous*

In his second point, Movant contends that the "motion court clearly erred in denying" Movant's claim in his amended motion for post-conviction relief that appellate counsel was constitutionally ineffective in that he "failed to act as a reasonably competent attorney . . . by failing to raise the preserved point that the trial court erred in overruling [Movant's] objections to ammunition evidence unrelated to the derringer that [Movant] was charged with possessing."

Appellate counsel submitted an affidavit that stated in part:

7

2.     I considered raising th[is] claim . . . .

3.     I ultimately did not raise the claim . . . because I believed that the totality of the evidence suggested that the gun parts and ammunition found in the spare room had little effect on the verdict of the jury.

. . . . [partial summary of trial evidence]

The real issue was whether [Movant] was aware of and had control over the derringer and ammunition found in the locked gun safe. . . . [partial summary of trial evidence]  I believed that while the evidence of the gun parts and ammunition found [sic] the spare room had little probative value to the question of [Movant's] knowledge of and control over the derringer in the safe, I also believed that it had little prejudicial impact on this question as well.

For these reasons I concluded that a challenge to the admission of the evidence would not have caused the appellate court to grant a new trial.  The appellate court did not rely upon the evidence of the gun parts and ammunition to find the evidence sufficient to establish [Movant's] knowledge and control over the derringer in the safe.  Rather, it relied upon a reasonable inference that [Movant] had the combination to the safe found in his residence.

With respect to appellate counsel's alleged ineffectiveness in failing to raise on direct appeal the admission of evidence of ammunition unrelated to the derringer, the motion court stated in part:

Movant's . . . final claim is that Movant's appellate counsel was ineffective for failing to raise on appeal . . . the introduction into evidence at trial (over objection) of ammunition found at Movant's home that was not operable in the firearm that Movant was charged with possessing.

The only evidence presented in connection with this claim was the [affidavit of appellate counsel]. . . .

In light of appellate counsel's testimony in his *Affidavit*, and keeping in mind the applicable standard of review, this Court believes that appellate counsel made a strategic decision, after investigating the relevant facts and law, not to raise the issue complained of in Movant's direct appeal because he did not believe it was meritorious.

Appellate counsel's fully considered strategic decision not to raise a[n] issue that he determined after due consideration was not meritorious does not meet the Strickland test and therefore Movant's . . . claim fails.

8

The motion court finished by declaring "[h]aving considered all of the evidence presented to the Court, this Court find[s] that [M]ovant failed to meet his burden herein and therefore this Court" denies Movant's amended motion for post-conviction relief.

We find no error in the motion court's findings. Appellate counsel (1) specifically considered trial counsel's objection to ammunition evidence unrelated to the derringer, and (2) made the decision not to raise that issue because he believed the unrelated ammunition evidence "had little effect on the verdict of the jury," "had little prejudicial impact on" "the question of [Movant's] knowledge of and control over the derringer," and "would not have caused the appellate court to grant a new trial." The motion court's conclusion that appellate counsel's "fully considered strategic decision not to raise a[n] issue that he determined after due consideration was not meritorious" was not constitutionally deficient performance was not clearly erroneous. Movant's second point is denied.

The motion court's judgment is affirmed.


Nancy Steffen Rahmeyer, J. – Opinion Author

Gary W. Lynch, P.J. – Concurs

William W. Francis, Jr., J. – Concurs