

# Missouri Court of Appeals

### Southern District

### Division Two

DAVID WILLIAM RECTOR, JR.,           )
                                     )
          Appellant,                 )
                                     )
vs.                                  )          No. SD36895
                                     )
STATE OF MISSOURI,                   )          **Filed: September 20, 2021**
                                     )
          Respondent.                )

### APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

Honorable Judge William E. Hickle

### **AFFIRMED**

David William Rector, Jr. ("Rector") appeals the motion court's denial of his Rule 29.15 motion for post-conviction relief.[1]  A jury found Rector guilty of four counts of forgery but the issue in this case only concerns two of those counts.  *See* § 570.090.[2]  At trial, the State sought to introduce copies of two checks, State's Exhibits 3 and 4, that Rector was accused of cashing at Mace's Supermarket (the "store").[3]  State's Exhibits 3 and 4 were copies of the checks that the

---

[1] Rule references are to Missouri Court Rules (2019).
[2] Count 1 is subject to the provisions of RSMo. (2016).  Counts 2 through 4 is subject to the provisions of RSMo. Cum. Supp. (2002).  Rector alleges prejudice only as to Counts 3 and 4.
[3] The checks were Comchecks.  Comchecks are a product of Comdata, a funds transfer company, that provides "funds transfer capabilities" to transportation businesses so that drivers can buy fuel and "maintenance" while on the road.

store received as returns from the bank and were identified by two store employees as being copies of the checks they received from Rector. Rector's trial counsel objected to the admission of the exhibits on the grounds that they had not been properly authenticated, the State had not complied with section 362.413, and the State did not have anyone from the bank endorsed to testify that the documents were bank records. The trial court overruled the objection and admitted the exhibits. The following day at trial, the State requested leave to endorse Robin Kleffner ("Kleffner") from the Maries County Bank "to authenticate documents since the question was raised earlier." Rector's trial counsel objected because it was the second day of trial and the witness had not been previously disclosed. The trial court noted it believed State's Exhibits 3 and 4 were properly admitted but sustained the State's endorsement of the bank's recordkeeper, Kleffner.

Kleffner testified she was the bookkeeping project manager for Maries County Bank. She worked with bank records and was familiar with the process of cashing checks and dealing with dishonored or fraudulent checks. Kleffner testified the bank holds the original check for 60 days and then shreds it, but retains a computer image of the check. According to Kleffner, State's Exhibits 3 and 4 were "image replacement documents" and her records showed that they were charged back to the store.

Rector was found guilty by the jury and filed a direct appeal, raising four points of error, none of which challenged the trial court's ruling allowing the State's late endorsement of Kleffner. This Court affirmed Rector's convictions on direct appeal in **State v. Rector**, SD35282.

Rector then timely filed a post-conviction motion alleging ineffective assistance by appellate counsel.[4] Instead of an evidentiary hearing, the parties stipulated to appellate counsel providing testimony by affidavit and to the motion court taking judicial notice of the underlying

---

[4] We have independently verified the timeliness of Rector's motion pursuant to **Moore v. State**, 458 S.W.3d 822, 825 (Mo. banc 2015).

2

criminal case.[5]  In the affidavit, appellate counsel stated she did not raise the late-endorsement issue because she believed it would not be successful.  The motion court denied Rector's claim, finding that appellate counsel was not ineffective.  Now, Rector appeals that decision and argues in a single point that appellate counsel was ineffective for failing to raise the issue of the late-endorsed witness.  Because there is no reasonable probability that the outcome of Rector's direct appeal would have been different had that issue been raised, Rector's claim fails.  We affirm the motion court's judgment.

## Standard of Review

> This Court reviews a motion court's judgment denying postconviction relief to determine whether its findings and conclusions are clearly erroneous.  Rule 29.15(k); *Mallow v. State*, 439 S.W.3d 764, 768 (Mo. banc 2014).  A judgment is clearly erroneous only if this Court is "left with a definite and firm impression that a mistake has been made."  *Id.*  The movant has the burden of proving all allegations by a preponderance of the evidence.  *Id.*

*Meiners v. State*, 540 S.W.3d 832, 836 (Mo. banc 2018).

## Analysis

To be entitled to post-conviction relief based on ineffective assistance of appellate counsel, the movant must satisfy the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  *Id.*  This test requires a movant to demonstrate that "(1) his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) he was prejudiced thereby."  *Tate v. State*, 461 S.W.3d 15, 21 (Mo. App. E.D. 2015).  "To satisfy the prejudice prong, the movant must demonstrate that the claimed error was sufficiently serious that, if it had been raised, there is a reasonable probability the outcome of the appeal would have been different."  *Id.* at 22.  In reviewing such a claim, we are not required to consider both prongs; if the movant fails to satisfy one prong, we need not consider the other.  *Id.*

---

[5] The trial judge and the motion judge for post-conviction relief were the same.

Rector cannot satisfy the prejudice prong. Here, there is no reasonable probability that the outcome of Rector's direct appeal would have been different because Rector does not demonstrate that the trial court abused its discretion in allowing the late-endorsed witness to testify.[6] Stated more bluntly, had this issue been raised, there is no reasonable probability we would have reversed Rector's convictions.

The trial court has broad discretion in permitting the late endorsement of additional witnesses. *State v. Chaney*, 967 S.W.2d 47, 57 (Mo. banc 1998). "A trial court abuses its discretion when its ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *State v. Taylor*, 134 S.W.3d 21, 26 (Mo. banc 2004). In determining if the trial court abused its discretion in allowing a late endorsement, we consider: (1) whether the defendant waived the objection; (2) whether the State intended surprise or acted deceptively or in bad faith, with the intention to disadvantage the defendant; (3) whether in fact the defendant was surprised and suffered any disadvantage; and (4) whether the type of testimony given might readily have been contemplated. *Chaney*, 967 S.W.2d at 57.

Three of those four factors weigh in favor of permitting the late endorsement. The State endorsed Kleffner, the bank's recordkeeper, on the second day of trial after Rector's trial counsel argued that such a witness was necessary for the State to authenticate the copies of the checks (State's Exhibits 3 and 4). The State's late endorsement was not an attempt to ambush Rector with an unknown witness but a good faith attempt to correct an alleged evidentiary error. Additionally, Rector knew what testimony to expect from the late-endorsed witness. After all, Kleffner was not an eye witness located on the eve of trial, offering some revelatory testimony that could only be anticipated through discovery; she was a recordkeeper from a bank called to

---

[6] Rector's argument also depends on us finding that State's Exhibits 3 and 4 would have been inadmissible but for the late-endorsed witness' testimony. We need not decide that issue since we conclude that Rector cannot demonstrate that the trial court abused its discretion in allowing the late-endorsed witness to testify.

testify about the bank's process for maintaining copies of checks in the normal course of business. Rector was neither surprised nor disadvantaged by Kleffner's testimony, which is the type of testimony that is readily contemplated in a forgery case and was, in fact, contemplated by Rector through his objection to State's Exhibits 3 and 4.

Had Rector truly been surprised or prejudiced by the late-endorsement of Kleffner, Rector could have requested a continuance to conduct further discovery. "[A] defendant's '[f]ailure to seek a continuance leads to the inference that the late endorsement was not damaging to the complaining party.'"[7] *Zuroweste*, 570 S.W.3d at 61 (quoting *State v. Hutchison*, 957 S.W.2d 757, 764 (Mo. banc 1997)). Rector made no such request. We cannot say the trial court's admission of the testimony of the late-endorsed witness was an abuse of discretion. Rector has failed to demonstrate the outcome of his direct appeal would have been any different had appellate counsel raised that claim. Rector's point is denied.

**Conclusion**

The motion court's judgment denying Rector's Rule 29.15 motion is affirmed.

MARY W. SHEFFIELD, P.J. – OPINION AUTHOR

GARY W. LYNCH, C.J. – CONCURS

DON E. BURRELL, J. – CONCURS

---

[7] "A defendant's failure to ask for a continuance can be properly considered by the appellate court in determining whether the trial court abused its discretion," and the failure to request a continuance may also justify finding the defendant "could have requested the less-drastic remedy of a continuance as an alternative to the [evidence's] exclusion." *State v. Zuroweste*, 570 S.W.3d 51, 61 (Mo. banc 2019) (internal citation and quotations omitted).