

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| **DRISS ZARHOUNI,** | ) | |
| **Appellant,** | ) | |
| | ) | **WD85758** |
| | ) | **OPINION FILED:** |
| | ) | **September 26, 2023** |
| **v.** | ) | |
| | ) | |
| **STATE OF MISSOURI,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**Appeal from the Circuit Court of Boone County, Missouri**
The Honorable Joshua C. Devine, Judge

Before Division Four:  Gary D. Witt, Chief Judge, Presiding, Cynthia L. Martin, Judge,
and, Thomas N. Chapman, Judge

Driss Zarhouni ("Zarhouni") appeals from the denial of his Rule 29.15 motion for post-conviction relief alleging ineffective assistance of counsel due to the failure to call a witness whose testimony could have supported a misidentification defense and the failure to call a psychiatrist whose testimony could either have supported mental disease or defect or diminished capacity defenses, or mitigated the sentences imposed.  Finding no error, we affirm.

**Factual and Procedural Background**

Zarhouni was found guilty following a jury trial of first-degree elder abuse, first-degree robbery, and first-degree tampering with a motor vehicle. He was sentenced to concurrent terms of imprisonment totaling twenty-two years. Zarhouni's judgment of conviction and sentence was affirmed on direct appeal by *per curiam* order. *State v. Zarhouni*, 582 S.W.3d 83 (Mo. App. W.D. 2019). Our *per curiam* order summarized the evidence supporting the convictions.

Zarhouni knocked on an elderly man's ("Victim") apartment door in Columbia, Missouri on May 1, 2016, and demanded Victim's car keys. Victim did not know Zarhouni. Victim refused but offered to drive Zarhouni somewhere if it was an emergency. Zarhouni became violent, knocked Victim to the floor, and then kicked him several times in the face causing serious injuries. Zarhouni took Victim's car keys and left in Victim's green sedan. Victim's neighbor saw Zarhouni in the apartment complex around the time of the crimes.

Zarhouni was then spotted at a farm in neighboring Cooper County. Zarhouni released that homeowner's dog from its pen then knocked on the back door. When the homeowner answered, Zarhouni claimed to be looking for someone. The homeowner told Zarhouni the person did not live there, and Zarhouni became confrontational. When the homeowner demanded that Zarhouni leave, he did so. The homeowner called 911. A Cooper County deputy responded, and after taking a report from the homeowner found Zarhouni sitting alone in Victim's car in the middle of the road with the engine running. Zarhouni claimed the car was his. He had blood on his shirt and a knot on his head.

2

Dispatch confirmed the car Zarhouni was occupying had been reported stolen in Columbia, Missouri. Zarhouni was arrested for possession of stolen property. The deputy took Zarhouni to the Cooper County jail and the Columbia Police Department was notified.

An officer from the Columbia Police Department went to the Cooper County jail to question Zarhouni who claimed he did not want to talk because he was too tired. Two days later, a detective from the Columbia Police Department returned to the jail to question Zarhouni. After being Mirandized, Zarhouni spoke with the detective voluntarily. He admitted that he asked for, then forcefully took, Victim's car keys and struck Victim in the face and torso.

Following his conviction, Zarhouni filed a timely *pro se* motion for postconviction relief pursuant to Rule 29.15[1] on October 25, 2019. Postconviction counsel was appointed but filed an untimely amended motion. After an abandonment finding, the untimely amended motion was deemed timely filed ("Amended Motion").

Though the Amended Motion alleged five claims, only three are relevant to issues raised in this appeal. The Amended Motion alleged that trial counsel was ineffective: (1) "in failing to make reasonable efforts to subpoena or obtain service of process on [M.L.] for the purpose of testifying on [Zarhouni's] behalf at trial;" (2) in "failing to adequately investigate and present defenses of mental disease or defect excluding responsibility and/or of diminished capacity negating the culpable mental states for conviction of the

---

[1] All Rule references are to the Missouri Court Rules in effect at the time Zarhouni's *pro se* motion was filed unless otherwise noted.

3

offenses as charged;" and (3) "in failing [to] present mitigation evidence of [Zarhouni's] diminished mental capacity at the sentencing hearing."

Following an evidentiary hearing during which Zarhouni and trial counsel testified, the motion court found with respect to each of these claims that Zarhouni failed to sustain his burden to establish that trial counsel's performance was deficient or that Zarhouni was prejudiced by trial counsel's performance. The motion court entered its findings of fact, conclusions of law, and judgment ("Judgment") on September 21, 2022. Zarhouni filed this timely appeal.

## Standard of Review

"Appellate review of a judgment entered under Rule 29.15 'is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous.'" *Price v. State*, 422 S.W.3d 292, 294 (Mo. banc 2014) (quoting *Moore v. State*, 328 S.W.3d 700, 702 (Mo banc 2010)). "Findings and conclusions are clearly erroneous if, after a review of the entire record, the court is left with the definite and firm impression that a mistake has been made." *Id.* (quotation omitted). "We presume the motion court's findings and conclusions are correct." *Symington v. State*, 638 S.W.3d 596, 599 (Mo. App. W.D. 2021) (citing *Shockley v. State*, 579 S.W.3d 881, 892 (Mo. banc 2019)).

## Analysis

Zarhouni raises three points on appeal. His first point alleges that the motion court clearly erred in denying the claim of ineffective assistance of counsel involving calling M.L. as a witness as she would have testified in support of a defense of misidentification.

4

The second point alleges that the trial court clearly erred in denying the claim of ineffective assistance of counsel involving the presentation of evidence that could have supported a finding of mental disease or defect or diminished capacity as the report of Dr. L.W. was available to trial counsel and established that Zarhouni suffers from schizophrenia and psychosis. The third point alleges that the motion court clearly erred in denying the claim of ineffective assistance of counsel involving the presentation of mitigation evidence at sentencing as there is a reasonable probability that the report of Dr. L.W. would have resulted in more favorable sentencing for Zarhouni.

To establish a claim of ineffective assistance of counsel, Zarhouni must demonstrate by a preponderance of the evidence that trial counsel failed to meet the *Strickland* test. *Eckert v. State*, 633 S.W.3d 435, 441 (Mo. App. W.D. 2021) (citing *Davis v. State*, 486 S.W.3d 898, 905-06 (Mo. banc 2016)). "Under Strickland, [Zarhouni] must demonstrate that: (1) his trial counsel failed to exercise the level of skill and diligence that a reasonably competent trial counsel would in a similar situation, and (2) he was prejudiced by that failure." *Id.*

With respect to *Strickland's* performance prong, Zarhouni "must overcome a strong presumption that trial counsel's conduct was reasonable and effective." *Davis*, 466 S.W.3d at 906 (citation omitted). "To overcome this presumption, [Zarhouni] must identify 'specific acts or omissions of counsel that, in light of all of the circumstances, fell outside the wide range of professional competent assistance.'" *Id.* (quoting *Zink v. State*, 278 S.W.3d 170, 176 (Mo. banc 2009)). "[S]trategic choices made after a thorough investigation of the law and the facts relevant to plausible opinions are virtually

5

unchallengeable[.]" *Anderson v. State*, 196 S.W.3d 28, 33 (Mo. banc 2006) (quoting

*Strickland v. Washington*, 466 U.S. 668, 690 (1984)). With respect to *Strickland's*

prejudice prong, Zarhouni must demonstrate that "there is a reasonable probability that,

but for counsel's unprofessional errors, the result of the proceedings would have been

different." *Deck v. State*, 68 S.W.3d 418, 429 (Mo. banc 2002) (emphasis omitted)

(citing *Strickland*, 466 U.S. at 694).

***The motion court did not clearly err in denying Zarhouni's claim that trial counsel was ineffective for failing to subpoena and call M.L. as a witness. (Point One)***

Zarhouni's first point on appeal alleges his right to effective assistance of counsel

was violated when trial counsel "failed to subpoena and call [M.L.] as a witness" in

support of a defense of misidentification. Zarhouni claims that M.L. would have testified

that Zarhouni was legitimately in the area where the crimes involving Victim were

committed because he was visiting M.L. Zarhouni does not argue that M.L. would have

provided him with an alibi by testifying that Zarhouni was with her when the crimes were

committed. Instead, Zarhouni argues that M.L.'s testimony that he was in the area

legitimately would have created reasonable doubt about whether Zarhouni was properly

identified as the person who committed the crimes involving Victim.

Zarhouni's Amended Motion framed this claim of ineffective assistance of counsel

more narrowly, as it alleged only that trial counsel was "ineffective in failing to make

reasonable efforts to subpoena or obtain service of process on [M.L.] for purposes of

testifying on [Zarhouni's] behalf at trial." "Claims that are not presented to the motion

court cannot be raised for the first time on appeal." *Mallow v. State*, 439 S.W.3d 764,

6

769 (Mo. banc 2014) (citation omitted). The claim asserted by Zarhouni in the Amended Motion is sufficiently close to the claim raised in his first point on appeal to permit us to treat the claim as preserved for our review. However, we limit our review of the claim to the precise issue alleged in the Amended Motion. *See Tisius v. State*, 519 S.W.3d 413, 431 (Mo. banc 2017) (holding that refinement on appeal of claim asserted in postconviction motion is impermissible).

To succeed on a claim of ineffective assistance of counsel for failure to call a witness, a movant must show that (1) counsel knew or should have known about the existence of the witness; (2) the witness could have been located through a reasonable investigation; (3) the witness would have testified at trial; and (4) the witness's testimony would have provided the movant with a viable defense. *McIntosh v. State*, 413 S.W.3d 320, 328 (Mo. banc 2013).

Trial counsel knew about the existence of M.L. as a possible witness. Trial counsel testified that she interviewed M.L. before trial and that M.L. agreed to testify at trial. At the time of the interview, M.L. was in custody in Boone County, Missouri. As trial approached, trial counsel testified M.L. was no longer in custody, and could not be located despite efforts to find her. As a result, she could not be subpoenaed. Trial counsel did learn, however, that M.L. was scheduled for a hearing in her own criminal case on the same day Zarhouni was set for trial. Trial counsel thus planned to secure M.L.'s attendance as a witness for Zarhouni by subpoenaing her when she made her own court appearance. However, M.L. failed to appear for the hearing in her own case resulting in a warrant being issued for her arrest. Trial counsel immediately dispatched

7

her investigator with a subpoena to again try to locate M.L., but that effort was unsuccessful.

The motion court found that trial counsel used due diligence to subpoena M.L. to testify and that Zarhouni had not established that M.L. would have testified even had she been subpoenaed in light of the fact she failed to appear for a hearing in her own case on the same day as Zarhouni's trial. The motion court thus found that Zarhouni had not sustained his burden to establish that trial counsel's performance was deficient.

The motion court's findings are not clearly erroneous. The motion court credited trial counsel's testimony in finding that trial counsel used due diligence to subpoena M.L. We defer to the motion court's credibility determinations both explicit and implicit. *See Symington*, 638 S.W.3d at 599. In any event, Zarhouni failed to identify what additional acts or steps trial counsel could or should have taken to successfully subpoena M.L. despite his obligation to do so consistent with his burden of proof. *See Davis*, 486 S.W.3d at 906 (holding that to overcome strong presumption that trial counsel's conduct was reasonable a movant must identify specific acts or omissions of counsel). In addition, Zarhouni failed to demonstrate that M.L. would have appeared to testify, even had she been subpoenaed, as she failed to appear for her own court hearing on the same day as his trial.

The motion court also found that Zarhouni had not sustained his burden to establish that he was prejudiced by the inability to secure M.L. as a witness, as Zarhouni had not shown that M.L.'s testimony would have provided him with a viable defense. This was not clearly erroneous.

8

Trial counsel's testimony suggested that she was considering M.L. as an alibi witness, though she had reservations about M.L. as a witness. Trial counsel testified that when M.L. was interviewed she was able to say that Zarhouni had been at her house "around that day" but that she could not remember much about that period of her life because of substance abuse issues.

Zarhouni did not claim in his Amended Motion and does not claim on appeal that M.L. would have provided him with an alibi defense. The Amended Motion argued that M.L.'s testimony would have refuted the inference at trial that Zarhouni was in Victim's neighborhood for an illegitimate reason. In the Amended Motion, Zarhouni states that M.L. would have testified that Zarhouni, his wife, and mother were at M.L.'s home on the day Victim was assaulted because they had been living in their car and M.L. allowed them to stay with her for a while. However, according to the Amended Motion, M.L. would have testified that on the day of the crimes involving Victim, Zarhouni's "behavior became bizarre and disruptive" causing her to ask him to leave. Zarhouni returned a bit later, but was causing problems with neighbors and was again asked to leave.

On appeal, Zarhouni claims that because M.L. would have established that he was legitimately in the area where the crimes involving Victim occurred there is a reasonable probability that the jury would have been persuaded he was not the person who assaulted Victim. Zarhouni's reasoning is tenuous, at best. Zarhouni's conceded presence in the area of the crimes and M.L.'s anticipated testimony that his disruptive behavior led her to order Zarhouni to leave the house are consistent with finding that Zarhouni had the opportunity to assault Victim and steal his car, and did so in response to his

9

circumstances. M.L.'s testimony would not have provided Zarhouni with a viable defense of misidentification particularly in light of Zarhouni's confession, a neighbor's testimony that Zarhouni was witnessed near Victim's apartment at the time of the crimes, and Zarhouni being found driving Victim's stolen vehicle.

The motion court did not clearly err in denying Zarhouni's claim that trial counsel was ineffective because she did not use reasonable efforts to subpoena M.L. as a witness at trial.

Point One is denied.

***The motion court did not clearly err in denying Zarhouni's claims that trial counsel was ineffective in failing to call Dr. L.W. as a witness to support a finding of mental disease or defect or diminished capacity, or to mitigate sentencing. (Points Two and Three)***

Zarhouni's second point on appeal alleges his right to effective assistance of counsel was violated when trial counsel failed to call a psychiatrist, Dr. L.W., to testify at trial that Zarhouni suffered from schizophrenia and psychosis. Zarhouni alleges that had trial counsel called Dr. L.W. as a witness there is a reasonable likelihood Zarhouni would have been found not guilty by reason of mental disease or defect, or that Zarhouni would have been found to have a diminished capacity to commit the crimes involving Victim. Zarhouni's third point on appeal alleges his right to effective assistance of counsel was violated when trial counsel failed to call Dr. L.W. to testify at sentencing, because had trial counsel done so there is a reasonable likelihood his sentences would have been mitigated. We address the points collectively.

10

Zarhouni's second and third points on appeal are materially different from the associated claims asserted in the Amended Motion. Claims 9(d) and 9(e) in the Amended Motion respectively claim ineffective assistance of counsel for not adequately investigating and presenting defenses of mental disease or defect excluding responsibility or diminished capacity, and for not presenting evidence of diminished mental capacity at the sentencing hearing. In describing the facts and evidence supporting these claims, the Amended Motion refers to the report of Dr. L.W. which was prepared in a separate criminal case filed in Cooper County for possession of Victim's stolen vehicle. Dr. L.W. opined that at the time of her interview with him, Zarhouni was suffering from "unspecified schizophrenia spectrum and other psychotic disorder." The Amended Motion notes that Dr. L.W. relied on this diagnosis to opine that Zarhouni was not, at that moment, competent to proceed to trial, but acknowledges that Dr. L.W. did not provide a professional opinion about whether Zarhouni suffered a mental disease or defect excluding responsibility or establishing diminished capacity at the time he committed the crime for which he was charged in Cooper County.

The Amended Motion then alleged that although trial counsel had Dr. L.W.'s report, she decided to have Zarhouni evaluated by a different psychiatrist, Dr. B.K. Dr. B.K.'s conclusions were not consistent with Dr. L.W.'s diagnosis of "[u]nspecified [s]chizophrenia [s]pectrum and [o]ther [p]sychotic [d]isorder." Dr. B.K. found that at the time of her evaluation Zarhouni was competent to proceed to trial. On the subject of mental disease or defect negating criminal responsibility, Dr. B.K.'s report recounted Zarhouni's history of voluntary drug and alcohol abuse and Zarhouni's behavior on the

11

day of the crimes involving Victim concluding that Zarhouni may have been experiencing a substance-induced psychosis at the time of his arrest as evidenced by his bizarre behavior and his self-report of substance abuse that day. But Dr. B.K. noted that voluntary substance abuse is not a basis for claiming mental disease or defect negating criminal responsibility. Before reaching her opinions, Dr. B.K.'s report did note that Zarhouni attempted to explain his bizarre behavior on the day of the crimes by claiming that someone laced the marijuana he smoked that day with methamphetamine or bath salts, or that someone put his mother's antipsychotic medication in the wine he was drinking.

The Amended Motion latched on to Zarhouni's self-serving statement to Dr. B.K. to argue in connection with Claim 9(d) that had Dr. B.K.'s report been admitted at trial, it would have established that:

> [Zarhouni] suffered a mental disease or defect excluding responsibility prior to the offense, and/or at the time of the offense *due to involuntary drug intoxication*. If the jury did not find this, they would be able to consider whether movant suffered from diminished capacity *due to involuntary intoxication* preventing him from forming the necessary culpable mental state for commission of the offense as charged.

(emphasis added). The Amended Motion argued in connection with Claim 9(e) that failing to present this same evidence of diminished capacity at sentencing constituted ineffective assistance of counsel.

In diametric contrast to the assertions in points two and three on appeal, the Amended Motion does not allege that Dr. L.W.'s diagnosis of schizophrenia or psychotic disorder would have provided Zarhouni with a defense of mental disease or defect that

12

excluded responsibility for the offenses involving Victim, or of diminished capacity to commit those offenses. In diametric contrast to the assertions in the Amended Motion, points two and three on appeal do not mention Dr. B.K.'s report or the involuntary intoxication defense that originates from Zarhouni's statements to Dr. B.K. that are recounted in that report. Zarhouni's second and third points on appeal are materially different from the associated claims raised in the Amended Motion and are not preserved for our review. *Mallow*, 439 S.W.3d at 769 ("Claims that are not presented to the motion court cannot be raised for the first time on appeal."). "[T]here is no plain error review in an appeal from a post-conviction judgment for a claim that was not presented in the post-conviction motion." *Id.* at 769-70 (citing *McLaughlin v. State*, 378 S.W.3d 328, 340 (Mo. banc 2012).

Even if we could find the claims asserted in the Amended Motion to be sufficiently similar to the claims asserted in points two and three on appeal to result in their preservation for our review (which we do not), we would not find the points to have merit. Points two and three are limited in their scope to calling Dr. L.W. as a witness either at trial or during sentencing. Dr. L.W.'s report did not address whether Zarhouni suffered a mental disease or defect at the time he committed the crimes involving Victim (or, for that matter, the crime committed in Cooper County). Trial counsel was not deficient in failing to call Dr. L.W. as a witness at trial to provide an expert opinion on a subject about which Dr. L.W. expressed no opinion. *See McIntosh*, 413 S.W.3d at 328 (holding that to find trial counsel ineffective for failing to call a witness, a movant must

13

establish that the witness would have provided testimony that would have provided the movant with a viable defense).

With respect to the sentencing hearing, trial counsel testified that she did not feel it would be ethical to submit Dr. L.W.'s report. Trial counsel explained that Dr. L.W.'s diagnosis of schizophrenia and other psychotic disorders did not comport with trial counsel's observations of Zarhouni nor with the report trial counsel secured from Dr. B.K. Trial counsel also explained that she did not believe it would be helpful to submit Dr. B.K.'s report during the sentencing hearing as it contradicted Dr. L.W.'s report, and emphasized Zarhouni's history of voluntary substance abuse. The motion court credited trial counsel's testimony and found that trial counsel's strategic decision not to submit Dr. L.W.'s report during sentencing was reasonable. Zarhouni has not demonstrated that the motion court's findings and conclusion were clearly erroneous.

The motion court also found that Zarhouni was not prejudiced by trial counsel's decision not to submit Dr. L.W.'s report during the sentencing hearing, as there was no reasonable probability that Zarhouni's sentences would have been mitigated by the report. Though Zarhouni makes a bare prejudice argument to the contrary, he offers no analysis to support his self-serving contention and has thus failed to demonstrate that the motion court's findings and conclusions were clearly erroneous.

Points Two and Three are denied.

14

## Conclusion

The motion court's Judgment is affirmed.

_Cynthia L. Martin_

Cynthia L. Martin, Judge

All concur